**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **RYAN FLANAGAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 17-2586-JAR-GEB |
| | ) |
| **SCRIPTPRO, LLC** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Modify the Scheduling Order to Extend the Deadline for the Close of Discovery ("Motion") (**ECF No. 30**) and certain disputes regarding Defendant's responses to Plaintiff's first set of written discovery. On June 13, 2018, the Court convened a conference to address the Motion and discovery disputes. Plaintiff appeared through counsel, Megan L. Stiles. Defendant appeared through counsel, Tammy M. Somogye. After consideration of all briefing related to the Motion and discovery disputes, hearing arguments of counsel and discussing the same, the Court **GRANTED** Plaintiff's Motion and **OVERRULED** Defendant's objections to Plaintiff's discovery requests. The previously-announced ruling of the Court is memorialized below.

## I. Background

### A. Nature of the Case[1]

This matter arises from Plaintiff's claims of disability discrimination, interference and retaliation under the ADAAA[2] and FMLA[3] against Defendant ScriptPro, LLC. Plaintiff worked for Defendant at its Mission, Kansas location from June of 2014 until his termination on September 9, 2016. At the time of his termination, Plaintiff was employed in Defendant's Customer Service Department as a Technical Support Analyst I. According to his Supplemental Rule 26(a)(1) Disclosures, Plaintiff is seeking attorneys' fees and costs; front and back pay, including lost wages of approximately $23,290.00 as of January 3, 2018; liquidated damages; emotional distress damages, pre- and post-judgement interest; and punitive damages. Defendant admits Plaintiff's employment was terminated on September 9, 2016, but denies any wrongdoing.

### B. Procedural Posture

Plaintiff filed his Complaint on October 9, 2017, and Defendant answered on November 13, 2017.[4] On January 11, 2018, the Court entered a Scheduling Order setting, among other deadlines, a discovery completion deadline of June 4, 2018.[5] Although a few

---

[1] Except as otherwise stated, the information recited in this section is taken from the Complaint (ECF No. 1) and Answer (ECF No. 4), and should not be construed as judicial findings or factual determinations.
[2] Americans with Disabilities Act as Amended, 42 U.S.C. § 12101.
[3] Family Medical Leave Act, 29 U.S.C. § 2601.
[4] ECF No. 1; ECF No. 4.
[5] ECF No. 15.

intermediate deadlines have been extended, Plaintiff's Motion is the first request to amend the Scheduling Order to allow additional time to complete discovery.

Defendant has been granted several extensions in this case.[6] In particular and as relevant here, Plaintiff allowed Defendant extra time to answer the written discovery Plaintiff served to Defendant on March 28, 2018.[7] This resulted in Defendant not answering that discovery until May 14, 2018, approximately three weeks before the scheduled mediation and close of discovery.[8]

Plaintiff, having issues with Defendant's discovery answers, conferred with Defendant on May 16, 2018 regarding a few issues.[9] But, to save potentially unnecessary time and expense, Defendant agreed to delay discussing a majority of the issues until after mediation.[10] The mediation, held on May 31, 2018, was unsuccessful.[11]

On June 4, 2018, the discovery completion deadline, counsel conferred regarding the remaining discovery issues.[12] Unable to resolve the discovery disputes and agree on whether the discovery deadline should be extended, Plaintiff filed the instant Motion.[13] On June 13, 2018, the Court convened a conference to discuss the Motion and discovery disputes, each are discussed below.

---

[6] *See* ECF No. 21.
[7] ECF No. 30, ¶¶ 3-4.
[8] *Id.* at ¶ 5; ECF No. 22.
[9] ECF No. 30, ¶¶ 6-7.
[10] *Id.*
[11] *Id.* at ¶ 8.
[12] *Id.* at ¶¶ 9-10.
[13] *Id.* at 10; ECF No. 31, ¶ 9.

## II. Plaintiff's Motion to Modify the Scheduling Order to Extend the Deadline for the Close of Discovery (ECF No. 30)

### A. Duty to Confer

As a threshold matter, the Court first considers whether the parties have sufficiently conferred regarding this Motion and their discovery disputes, as required by D. Kan. Rule 37.2. In the briefing and at the conference, counsel explained their attempts, via email and telephone, to work through the issues. The Court also notes counsel resolved previous discovery issues in this case without court involvement.[14] As such, the Court is satisfied counsel have adequately conferred as required by the above-cited rule.

### B. Legal Standard

Federal Rule of Civil Procedure 16(b)(4) states a scheduling order may be modified "only for good cause." To establish good cause, the moving party must show that the deadline could not have been met even if it had acted with "due diligence."[15] In making this showing, a party "must provide an adequate explanation for any delay."[16] "While a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril, rigid adherence to [a] scheduling order is not advisable."[17] Ultimately, whether to modify the scheduling order lies within the court's sound discretion.[18]

---

[14] ECF No. 31, ¶¶ 2-3.
[15] *Prudential Ins. Co. of Am. v. Hawker Beechcraft Glob. Customer Support, LLC*, No. 16-2380-DDC, 2016 WL 7229260, at *2 (D. Kan. Dec. 14, 2016) (internal citations omitted).
[16] *Id.* (quoting *Strope v. Collins*, 315 Fed.Appx. 57, 61 (10th Cir. 2009)).
[17] *Id.* (internal citations omitted).
[18] *Id.* (citing *Paris v. Sw. Bell Tel. Co.*, 94 Fed.Appx. 810, 816 (10th Cir. 2004)).

### C.   Discussion

Plaintiff argues he has been diligent in pursuing discovery by serving written discovery more than two months prior to the completion deadline.  But, due to giving Defendant more time to respond to that discovery, answers to the same were not provided until May 14, 2018, less than a month prior to the close of discovery.  After reviewing Defendant's answers, Plaintiff argues he has been timely working with Defendant to resolve Defendant's objections to producing certain discovery.  However, in an effort to work with Defendant to keep costs down, Plaintiff agreed to participate in mediation before pressing the discovery issues.

But, because mediation, which occurred two business days before the discovery completion deadline, was unsuccessful, Plaintiff asserts he now needs more time to prepare his case for trial.  Plaintiff believes there is responsive discovery in Defendant's possession yet to be produced which precludes him from (1) being able to prepare for and depose Defendant on the extent of its discovery answers; and/or (2) serving follow-up discovery as it pertains to any new information disclosed in Defendant's recent production.

Defendant, on the other hand, argues Plaintiff has not been diligent in attempting to meet deadlines and has not provided an adequate explanation for his delay.  Defendant states it managed to complete its discovery within the allotted time and chastises Plaintiff for waiting until two months before the end of discovery to serve written discovery requests.  Defendant also takes issue with Plaintiff's failure to identify any person for deposition or given notice of any deposition during the discovery period.  Defendant further argues if Plaintiff wanted to await the outcome of mediation before moving forward with

5

more discovery, he should have asked to extend the deadlines earlier instead of filing a motion on the last day of the discovery period. In summary, Defendant contends Plaintiff's request for additional time is due to carelessness and poor planning, which is not good cause to modify the Scheduling Order.

In support of its arguments, Defendant cites three cases, each of which the Court finds distinguishable. In *Stonebarger v. Union Pac. Corp.*,[19] the Court denied plaintiff's request to conduct additional depositions after (1) the discovery deadline, which had previously been extended three times, closed; (2) the final pretrial conference held; and (3) the pretrial order entered. Here, the discovery deadline has never been extended, the final pretrial conference has not occurred, and no pretrial order has been entered.

In *Tomelleri v. Zazzle, Inc.*,[20] the Court denied plaintiff's motion to extend a discovery deadline that was filed six weeks after the deadline passed. Similarly, in *Semsroth v. City of Wichita*,[21] the Court denied plaintiff's motion to amend her complaint that was filed a year and four months after the deadline. Here, even though Plaintiff filed his Motion on the last day of the discovery deadline, the request was timely.[22]

In addition to finding these cases distinguishable, and while the Court encourages efficient practices when conducting discovery, it does not find Plaintiff acted carelessly in waiting until March to issue his first set of written discovery. The Court notes parties often

---

[19] No. 13-CV-2137-JAR, 2014 WL 5782385 (D. Kan. Nov. 6, 2014).
[20] No. 13-CV-02576-EFM-TJJ, 2014 WL 6895610 (D. Kan. Dec. 5, 2014).
[21] No. 04-1245-MLB, 2006 WL 2570557 (D. Kan. Sept. 5, 2006).
[22] D. Kan. Rule 6.1(a) ("Parties must file the motion [for an extension of time] before the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires."); *see also* Fed. R. Civ. P. 6(b)(1)(A).

need time to do further research and investigation before issuing written discovery and does not find Plaintiff's preference in developing his case careless. Nor does the Court find it careless for Plaintiff to want to review discovery responses before noticing depositions or issuing further discovery. Here, due to Plaintiff allowing Defendant more time to respond to his discovery requests and the pending mediation, Plaintiff was not able to receive full discovery responses before the discovery cutoff deadline, necessitating this current request for more time.

Neither can the Court find it careless for Plaintiff to wait until after mediation to follow up on Defendant's discovery responses when the reason for doing so was to keep litigation costs down. The Court further notes this case (1) has only been pending since October of 2017, and written discovery has occurred; (2) Defendant has previously been granted extensions; and (3) this is the Plaintiff's first request to extend the discovery deadline. Therefore, the Court finds good cause to grant Plaintiff's Motion and modify the Scheduling Order as set forth below.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Modify the Scheduling Order to Extend the Deadline for the Close of Discovery (**ECF No. 30**) is **GRANTED**. The Scheduling Order (ECF No. 15) is modified as follows:

| | |
|---|---|
| **All discovery completed:** | **August 29, 2018** |
| **Pretrial Order due:** | **September 7, 2018** |
| **Pretrial conference:** | **September 12, 2018 at 10:00 AM** |
| **Dispositive motion deadline:** | **September 28, 2018** |
| **Jury Trial:** | **June 4, 2019 at 9:00 AM** |

7

No further amendments to this schedule will be permitted without Court approval on a showing of good cause.

## III.  Discovery Disputes

During the June 13 status conference, Plaintiff also raised several discovery issues regarding Defendant's responses to his First Interrogatory Nos. 7, 8, and 9, and First Request for Production of Document Nos. 17, 18, 19, 20, 21, 22, and 23.  As stated in section II.A. above, the Court finds the parties adequately conferred regarding these discovery disputes.  After discussing the legal standard, the Court will address each discovery issue in turn.

### A.  Legal Standard – Scope of Discovery

Rule 26(b)(1) states the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on" any party's claim or defense.[23] In other words, the court should permit a request for discovery unless "*it is clear* that the

---

[23] *In re EpiPen*, No. 17-MD-2785-DDC-TJJ, 2018 WL 1586426, at *2 (D. Kan. Apr. 2, 2018) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

information sought can have *no possible* bearing" on a claim or defense.[24]  Relevancy determinations are generally made on a case-by-case basis.[25]

### B.    Temporal Scope of Plaintiff's Discovery Requests

The parties disagree as to the temporal scope of Interrogatory Nos. 8 and 9, and Request Nos. 18, 19, 20, and 21.  These requests seek discovery from June 1, 2014 to the present, which would encompass a period of approximately two years before through two years after Plaintiff was terminated.  The Court finds this time period relevant and proportional, especially considering the well-established rule that the scope of discovery is broad in employment discrimination cases.[26]  As stated in *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*:

> In the context of employment discrimination cases, courts have held that discovery of information both before and after the liability period may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence; thus, courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period.[27]

---

[24] *Gilbert v. Rare Moon Media, LLC*, No. 15-MC-217-CM, 2016 WL 141635, at *4 (D. Kan. Jan. 12, 2016) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D. Kan. 2001) (emphasis in original)).
[25] *In re EpiPen*, 2018 WL 1586426, at *2.
[26] *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661-62 (D. Kan. 2004) ("Furthermore, it is well-established that the scope of discovery is particularly broad in employment discrimination cases.").
[27] 209 F.R.D. 208, 212 (D. Kan. 2002); *see also, e.g., Swackhammer*, 225 F.R.D. at 661-62 (D. Kan. 2004) (finding plaintiff's request for information regarding similar incidents occurring three years before and two years after the alleged discriminatory termination not overly broad in temporal scope); *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 655–56 (D. Kan. 2004) (allowing discovery into period two and one-half years prior to the alleged discrimination); *Garrett v. Sprint PCS*, No. 00–2583–KHV, 2002 WL 181364, at *3 (D. Kan. Jan.31, 2002) (allowing discovery into three-year period prior to the alleged discrimination to the present); *Equal Empl. Opportunity Comm'n v. Kansas City S. Ry.*, 195 F.R.D. 678, 680 (D. Kan. 2000) (allowing discovery into four years prior to and one year after alleged discrimination).

**IT IS THEREFORE ORDERED** that Defendant's objections to the temporal scope of the above discovery requests are **OVERRULED**.

### C.    Interrogatory No. 7

In Interrogatory No. 7, Plaintiff asks Defendant to "[s]tate the reasons for which ScriptPro contends it terminated Plaintiff's employment, and describe the factual basis or evidentiary support for such reasons."  Defendant invoked Rule 33(d), stating the information responsive to the interrogatory could be derived or ascertained from its business records, and directing Plaintiff to numerous documents.  Plaintiff argues a substantial burden would be imposed on him if he is expected to examine the voluminous documents cited by Defendant and then speculate as to what information contained in the documents constituted the reason for his termination.  The Court agrees with Plaintiff and finds it reasonable to expect Defendant to answer the seemingly straightforward question of why it terminated Plaintiff.[28]

**IT IS THEREFORE ORDERED** that Defendant's objection to Interrogatory No. 7 is **OVERRULED**.  Within **10 days** from the date of this Order, Defendant shall provide a factually sufficient response to the Interrogatory, including stating the reason(s) it terminated Plaintiff and describing the documents in support of that decision.

---

[28] Rule 33(d) (stating subsection can only be invoked if "the burden of deriving or ascertaining the answer [to the interrogatory] will be substantially the same for either party").

### D.     Interrogatory No. 8 and Request No. 20; Interrogatory No. 9 and Request No. 21

In Interrogatory No. 8 and Request No. 20, Plaintiff seeks information and documents regarding whether any employee made an internal complaint against Defendant at any time between June 1, 2014 and the present, alleging Defendant subjected him or her to unfair treatment as a result of requesting or taking FMLA leave. Interrogatory No. 9 and Request No. 21 mirror Interrogatory No. 8 and Request No. 20 except Plaintiff is seeking internal complaints alleging discrimination or retaliation. Defendant objected to all requests as being overly broad, stating the requests seeks information concerning complaints from employees not similarly situated to Plaintiff and for a time period Plaintiff was not employed by Defendant.

Plaintiff offered to narrow his requests to include employee complaints regarding FMLA and disability discrimination/retaliation made to (1) managerial employees in the Customer Service Department at the Mission, Kansas location, which is the department Defendant worked in when terminated; and (2) the Human Resources Department at the Mission, Kansas location. Defendant responds this is not much narrower than the original requests and argues the requests should be narrowed to FMLA and disability discrimination/retaliation complaints made to (1) the Human Resources Department from March 2015 to present; (2) Plaintiff's manager (Preston Flint) from August 2015 to present; and (3) Advanced Technical Lead (Sylvia Marvicsin) from September 2015 to present.

The Court finds Plaintiff's requests as narrowed above relevant and proportional to the needs to the case. Because the Customer Service Department at the Mission, Kansas

location was the Plaintiff's employing unit when he was terminated, it is appropriate to include that department in the discovery requests.[29] It is also appropriate to include the Human Resources Department because Plaintiff's allegations involve that Department,[30] in addition to involving the supervisors and managers in the Customer Service Department.[31] The Court has already ruled in Section III.B. above that the time period is appropriate. However, the Court will further narrow Plaintiff's requests to encompass only written complaints.

**IT IS THEREFORE ORDERED** that Defendant's objections to Interrogatory Nos. 8 and 9 and Request Nos. 20 and 21 are **OVERRULED.** Within **10 days** from the date of this Order, Defendant shall, for the time period of June 1, 2014 to the present, provide responsive information/documents regarding any written FMLA and/or disability discrimination/retaliation complaints made by employees to (1) managerial employees in the Customer Service Department at the Mission, Kansas location; and (2) Defendant's Human Resources Department at the Mission, Kansas location.

---

[29] *See, e.g., White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1257 (D. Kan. 2008) ("When addressing overly broad objections to discovery requests, courts have limited the geographic scope of discovery. In non-class action employment discrimination cases, the standard for determining the geographic scope of discovery focuses on 'the source of the complained discrimination—the employing unit or work unit.'") (quoting *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 195 (D. Kan. 1996) (quoting *Heward v. W. Elec. Co.*, No. 83–2293, 1984 WL 15666, at *6 (10th Cir.1984))).
[30] *See, e.g.,* Complaint, ¶ 36 (ECF No. 1).
[31] *See White*, 586 F. Supp. 2d at 1257-58 (allowing discovery requests to include the defendant's human resource department as well as the plaintiff's employing unit).

E.     Request No. 17

At Request No. 17, Plaintiff seeks all records, from the time period of June 1, 2014 to present, reflecting the attendance of each Technical Support Analyst employed by Defendant. The request further states it is "meant to encompass records that reflect incidents of tardiness, the alleged reason for said tardiness, and whether or not Defendant was notified of the absence and/or tardiness in accordance with Defendant's policy." To address Defendant's overbreadth objection, Plaintiff proposed to narrow his request to include only those employed as a Technical Support Analyst I during the time frame Preston Flint was a supervisory employee. Even with this limitation, Defendant objects to the request as irrelevant and overly burdensome. In particular, Defendant argues the requested attendance records would not show evidence of tardiness and would be too expensive and time-consuming to warrant production.

Plaintiff argues these attendance records are highly relevant and outweigh any overly burdensome objection because a material issue in the case is whether Defendant applied its attendance policy in a discriminatory manner towards Plaintiff as compared to his non-disabled co-workers. The Court agrees and finds Plaintiff's narrowed request for attendance records relevant and proportional to the needs of the case given the amount in controversy[32] and the importance of the discovery in resolving the issues at hand.[33]

---

[32] *See* Section I.A, *supra*, listing Plaintiff's claimed damages.
[33] *See* Rule 26(b)(1); *see, e.g., Austin v. Haaker,* 76 F. Supp. 2d 1213, 1217-18 (D. Kan. 1999) (granting summary judgment on plaintiff's employment discrimination claims where plaintiff failed to provide sufficient evidence regarding other employee's attendance records); *Owens*, 221 F.R.D. at 653 ("When the motive or intent of a defendant employer is at issue, information

**IT IS THEREFORE ORDERED** that Defendant's objections to Request No. 17 are **OVERRULED**. Defendant shall produce attendance records for each person employed as a Technical Support Analyst I during the period that Preston Flint was a supervisory employee. The Court orders counsel to confer regarding an appropriate and reasonable time frame for Defendant to produce these records.

### F.  Requests Nos. 18 and 19

In Request No. 18, Plaintiff seeks copies of each charge of discrimination filed against Defendant from June 1, 2014 to the present. In Request No. 19, Plaintiff seeks a copy of each lawsuit filed against Defendant wherein an employee alleged Defendant engaged in unlawful discrimination or retaliation.

As a compromise to Defendant's overbreadth objections to these discovery requests, Plaintiff agreed to narrow the categorical scope to encompass (1) charges of discrimination alleging disability discrimination/retaliation for Request No. 18; and (2) lawsuits alleging disability discrimination/retaliation and/or FMLA retaliation/interference for Request No. 19. Even narrowed, Defendant, based on proportionality and relevancy, objects to the temporal scope of the requests and also insists the requests should be limited to the same decision makers involved in Plaintiff's case.

As stated in Section III.B. above, the Court finds the time frame of June 1, 2014 to the present appropriate. Additionally, Defendant has already answered the requests for the period Plaintiff worked for Defendant, which was from June of 2014 to September of 2016,

---

concerning its conduct towards employees other than the plaintiff is relevant.") (quoting *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir.1990)).

by stating it has no responsive documents. Therefore, Defendant only needs to review an approximate two-year time period, from September of 2016 to the present, to provide complete responses. The Court does not find this burdensome.

Additionally, the Court finds Plaintiff's requests as narrowed by the categorical scopes identified above relevant. Plaintiff is entitled to know if similar charges of discrimination or lawsuits have been filed against Defendant.[34]

**IT IS THEREFORE ORDERED** that Defendant's objections to Requests Nos. 18 and 19 are **OVERRULED**. Within **10 days** from the date of this Order, Defendant shall produce responses to these discovery requests as narrowed to the categorical scopes identified by Plaintiff above.

### G.     Requests Nos. 22 and 23

Requests Nos. 22 and 23 ask for the complete personnel files of Preston Flint and Sylvia Marvicsin. Defendant objects, arguing the requests seek irrelevant documents, such as employment applications, offers of employment, hiring documents, employment agreements, payroll information, background check information, and W-4s.

Courts in this District generally hold that an individual's employment records are relevant and discoverable "if the individual (1) is alleged to have engaged in the retaliation or discrimination at issue, (2) is alleged to have played an important role in the decision or

---

[34] *See, e.g., Owens*, 221 F.R.D. at 653 (finding discovery requests for information of other charges of age and sex discrimination against employer relevant); *Equal Employment Opportunity Comm'n v. Kansas City S. Ry.*, No. 99-2512-GTV, 2000 WL 33675756, at *4 (D. Kan. Oct. 2, 2000) ("Information which may establish a pattern of discrimination is discoverable even when the action seeks only individual relief.").

incident that gives rise to the lawsuit, or (3) is a key witness to the events giving rise to the lawsuit."[35] Here, Plaintiff states Mr. Flint was a decision-maker regarding his termination and Ms. Marvicsin was a material witness because Plaintiff requested an accommodation from her that was ultimately denied. Defendant does not dispute Plaintiff's characterizations of Mr. Flint and Ms. Marvicsin as such. Therefore, the Court will order these files produced.

To protect the sensitive and confidential information in these personnel files, the Court ordered the parties to revise their Stipulated Protective Order (ECF No. 13) to specifically include such files. The parties did so to the Court's satisfaction and a Stipulated Amended Protective Order was filed on June 15, 2018 (ECF No. 35).

**IT IS THEREFORE ORDERED** that Defendant's objections to Requests Nos. 22 and 23 are **OVERRULED**. The Court orders counsel to confer regarding an appropriate and reasonable time frame for Defendant to produce the personnel files.

## IV. Conclusion

For the reasons stated above, Plaintiff's Motion to Modify the Scheduling Order to Extend the Deadline for the Close of Discovery (ECF No. 30) is **GRANTED** and

---

[35] *Hall v. Life Care Centers of Am., Inc.*, No. 16-2729-JTM-KGG, 2018 WL 1992333, at *2 (D. Kan. Apr. 27, 2018) (quoting *White*, 586 F. Supp. 2d at 1259); *see also, e.g., Williams v. Bd. of County Comm'rs*, No. 98–2485–JTM, 2000 WL 823909, at *5 (D. Kan. June 21, 2000) (compelling production of personnel files of non-party individuals who were alleged to be involved in the specific events giving rise to the lawsuit); *Fox–Martin v. H.J. Heinz Operations*, No. 02–4121–JAR, 2003 WL 23139105, at *1 (D. Kan. Dec. 19, 2003) (compelling production of personnel files of employees who either played important roles in the employment decisions or allegedly participated in or witnessed the hostile work environment); *Oglesby v. Hy–Vee, Inc.*, No. Civ. A. 04–2440–KHV, 2005 WL 857036, at *2 (D. Kan. April 13, 2005) (compelling production of individual's personnel file in employment discrimination case where individual witnessed the events defendant claimed gave rise to plaintiff's termination).

16

Defendant's objections to Interrogatory Nos. 7, 8, and 9 and Request Nos. 17, 18, 19, 20, 21, 22, and 23 are **OVERRULED.**

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 27th day of June, 2018.

                                            s/ Gwynne E. Birzer
                                            GWYNNE E. BIRZER
                                            United States Magistrate Judge